MONIQUE OLIVIER (SBN 190385)
(monique@dplolaw.com)
THOMAS E. DUCKWORTH (SBN 152369)
(tom@dplolaw.com)
DUCKWORTH PETERS LEBOWITZ OLIVIER LLP
100 Bush Street, Suite 1800
San Francisco, CA 94104
Telephone: (415) 433-0333
Facsimile: (415) 449-6556

Attorney for Plaintiff and the Putative Class

FILED
2012 MAY -4 P 1:31
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
E-filing

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

HAROLD DEGRAFF, on behalf of himself and all others similarly situated,

Plaintiffs,

vs.

Perkins Coie LLP; Perkins Coie California, PC; and DOES 1 to 10, inclusive,

Defendants.

Case No. CV 12 2256 LB

**CLASS ACTION COMPLAINT**

(1) Unlawful Deductions by Employer (Cal. Labor Code §§ 221, 223);
(2) Failure To Reimburse Business Expenses (Cal. Labor Code § 2802);
(3) Waiting Time Penalties (Cal. Labor Code §§ 201, 202 & 203);
(4) Failure to Provide Accurate, Itemized Wage Statements (Cal. Labor Code § 226); and
(5) Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200 *et seq.*)

**DEMAND FOR JURY TRIAL**

COMPLAINT

## NATURE OF CLAIM

1. Plaintiff Harold DeGraff brings this action on behalf of himself and a proposed class of similarly situated individuals against Defendants Perkins Coie LLP, and Perkins Coie California, PC, both doing business as Perkins Coie, for their unlawful employment scheme that denies Plaintiffs and others like them the wages and benefits to which they are lawfully entitled.

2. Plaintiff and proposed class members are attorneys who work or have worked at Defendants' California offices as employees of Perkins Coie California, PC. Plaintiff and class members were induced by Defendants by promises of high guaranteed income to become attorneys at Perkins Coie. Defendants hired Plaintiff and class members, deducted thousands of dollars for business expenses and unlawfully failed to reimburse business expenses in order to deny them wages and benefits to which they are lawfully entitled under California law.

3. Through this action, Plaintiffs charge Defendants with violations of multiple provisions of the California Labor Code and the California Industrial Welfare Commission Wage Orders (hereinafter "Wage Orders"). Plaintiff seeks, on behalf of himself and the proposed Class, declaratory and injunctive relief, restitution, compensatory damages, statutory damages, penalties, attorney's fees and costs, and prejudgment interest.

## PARTIES

4. Plaintiff Harold DeGraff is an individual resident of San Carlos, California who has performed work as an attorney for Defendants at Perkins Coie's Menlo Park office.

5. Defendant Perkins Coie California, PC is a corporation registered in the state of California with offices throughout California.

6. Defendant Perkins Coie LLP is a law firm headquartered in Seattle, Washington with approximately 800 attorneys in several offices nationwide. The LLP consists of individual partners and corporate partners, each of whom receive a K-1 from the LLP each year. (Hereinafter, Defendants Perkins Coie LLP and Perkins Coie, PC will be collectively referred to as "Perkins Coie" or "Defendants").

7. Does 1 through 10, inclusive, are persons or entities whose true names and identities are now unknown to Plaintiff, and who therefore are sued by such fictitious names. Plaintiff will

amend this complaint to allege their true names and capacities once ascertained. Plaintiff is informed and believes that each of the fictitiously-named Doe defendants, including any such defendants that may be the agents, representatives, or parents or subsidiary corporations of the named Defendants, is responsible in some manner for the occurrences, events, transactions, and injuries alleged herein and that the harm suffered by Plaintiff and the proposed class were proximately caused by them in addition to Defendants.

8. Plaintiff is informed and believes and thereon alleges that each of the Defendants, including the Doe defendants, acted in concert with each and every other Defendant, intended to and did participate in the events, acts, practices and courses of conduct alleged herein, and was a proximate cause of damage and injury thereby to Plaintiff as alleged herein.

9. At all times herein mentioned, each Defendant was the agent or employee of each of the other Defendants and was acting within the course and scope of such agency or employment.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332.

11. This District is the proper venue for this action as a substantial part, if not all, of the events giving rise to this action has occurred in this District.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

12. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of himself and all other persons similarly situated. The proposed class (hereinafter the "Class") that Plaintiff seeks to represent is defined as follows:

> All attorneys who have been treated as "shareholder/employees" of Perkins Coie California, PC at any time during the period from four years prior to the filing of the original complaint in this action through the date of final judgment.

13. This action may properly be maintained as a class action pursuant to Fed. R. Civ. P. 23(a) and (b) (3).

14. The Class is comprised of dozens of persons and is so numerous that joinder of all members is impracticable. The exact size of the Class and the identity of the members of the Class

2

COMPLAINT; CASE NO.

are ascertainable from the business records maintained by Defendants. The Class may be notified of the pendency of this action by mail, or other appropriate media, using the notice similar to that customarily used in the wage and hours class actions.

15. Plaintiff's claims are typical of the claims of members of the Class as all Class members are similarly affected by Defendants' wrongful conduct in violation of state laws governing labor standards that is complained of herein. The claims arise from the same course of conduct by Defendants, and the relief sought is common.

16. Plaintiff will fairly and adequately protect the interests of the members of the Class because: (a) his interests do not conflict with the interests of the individual members of the Class they seek to represent; (b) he has retained counsel competent and experienced in wage and hour and class action litigation; and (c) he intends to prosecute this action vigorously.

17. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

    (a) whether Defendants have a policy or practice of deducting business expenses from compensation, resulting in lowered wages;

    (b) whether Defendants have imposed financial obligations on employees as a condition of discharging their duties;

    (c) whether Defendants failed to pay all compensation due and owing to Class members immediately upon separation from employment;

    (d) whether Defendants failed to provide accurate wage statements to Class members; and

    (e) whether Defendants' business practices are unlawful, fraudulent, and/or unfair in violation of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL").

18. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all Class members is impracticable. Questions of law and fact common to the Class predominate over any questions affecting only individual members of

3

COMPLAINT; CASE NO.

the Class. Each Class member has suffered injury and is entitled to recover by reason of Defendants' unlawful conduct. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. The prosecution of separate actions against Defendants by individual Class members would create a risk of inconsistent judgments. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## FACTUAL ALLEGATIONS

19. Plaintiff Harold DeGraff ("Mr. DeGraff") joined Perkins Coie in the Spring of 2007 as a transactional corporate attorney. Mr. DeGraff was recruited by Perkins Coie and joined the Menlo Park office.

20. As part of the recruitment and job offer, Mr. DeGraff, as with other class members, was given the option of joining Perkins Coie as either an individual partner of the LLP or as an employee of Perkins Coie California, PC.

21. As with other class members, Mr. DeGraff joined the California PC as an employee. Mr. DeGraff received monthly paychecks from the California PC and annual W-2s.

22. As with other class members, Mr. DeGraff's Employment Agreement expressly identified him as an employee at Perkins Coie. Mr. DeGraff was managed by a self-perpetuating executive committee of the Perkins Coie LLP that could fire him at any time. Mr. DeGraff reported to the head of the business practice group. Also, Mr. DeGraff's compensation was controlled by the executive committee of the LLP and could be lowered by the executive committee at any time. Accordingly, Perkins Coie maintained an employer-employee relationship with Mr. DeGraff and class members.

23. Throughout Mr. DeGraff's employment at the California PC, Perkins Coie made deductions from Mr. DeGraff's wages. These deductions were made without Mr. DeGraff's authorization or consent, and resulted in a reduction of compensation to Mr. DeGraff.

24. Perkins Coie regularly assessed Mr. DeGraff for Workers' Compensation Insurance. This is a business expense to be borne by the employer. These amounts were withheld by Perkins Coie from Mr. DeGraff's wages.

25. Perkins Coie regularly assessed Mr. DeGraff for Unemployment Insurance. This is a business expense to be borne by the employer. These amounts were withheld by Perkins Coie from Mr. DeGraff's wages.

26. Perkins Coie regularly assessed Mr. DeGraff for "accounting fees." This is a business expense to be borne by the employer. These amounts were withheld by Perkins Coie from Mr. DeGraff's wages.

27. Perkins Coie regularly assessed Mr. DeGraff for Medicare costs. This is a business expense to be borne by the employer. These amounts were withheld by Perkins Coie from Mr. DeGraff's wages.

28. Perkins Coie regularly assessed Mr. DeGraff for Social Security costs. This is a business expense to be borne by the employer. These amounts were withheld by Perkins Coie from Mr. DeGraff's wages.

29. Perkins Coie made annual deductions from Mr. DeGraff's wages characterized as a "shareholder loan." In 2007, $2,511.00 was deducted from Mr. DeGraff's wages. In 2008, $11,803.00 was deducted from Mr. DeGraff's wages. These amounts were a business expense to be borne by the employer. These amounts were withheld by Perkins Coie from Mr. DeGraff's wages.

30. Perkins Coie also made deductions for state and federal income tax related to the "shareholder loan." The tax is a business expense to be borne by the employer. These amounts were withheld by Perkins Coie from Mr. DeGraff's wages.

31. Perkins Coie made annual deductions that were characterized as "Mandatory Retirement." In 2008, $20,297.00 was withheld as a deduction from Mr. DeGraff's wages. In 2009, $25,150.00 was deducted from Mr. DeGraff's wages.

32. Perkins Coie made annual deductions that were characterized as the 401(k) employer matching contribution. This is a business expense to be borne by the employer. These amounts were withheld by Perkins Coie from Mr. DeGraff's wages.

5

COMPLAINT; CASE NO.

33. Perkins Coie made annual deductions that were characterized as "Cash Balance Retirement Plan." In 2008, $1000 was withheld as a deduction from Mr. DeGraff's wages. In 2009, $859 was withheld as a deduction from Mr. DeGraff's wages.

34. Perkins Coie made annual deductions that were characterized as "PC Charity Fund." These amounts are approximately $1,500 a year. These amounts were a business expense of Perkins Coie. These amounts were withheld by Perkins Coie from Mr. DeGraff's wages.

35. Perkins Coie also regularly assessed business expenses such as travel to Mr. DeGraff. These amounts were withheld by Perkins Coie from Mr. DeGraff's wages. In addition, Mr. DeGraff advanced business expenses for which he was not reimbursed by Perkins Coie.

36. Due to Perkins Coie's practices of deducting from Mr. DeGraff's wages and failing to reimburse Mr. DeGraff for reasonable and necessary business expenses, Mr. DeGraff's guaranteed compensation was unlawfully reduced.

37. Perkins Coie did not provide Mr. DeGraff with accurate wage statements that indicated the amount of his gross pay, net pay or deductions.

38. These practices have been uniformly applied to dozens of attorneys classified as W-2 employees at Perkins Coie offices throughout California.

## FIRST CAUSE OF ACTION

**(Unlawful Deductions in Violation of California Labor Code §§ 221 and 223 by Plaintiff Individually and on Behalf of the Class)**

39. Plaintiff individually, and on behalf of the Class, incorporates by reference as though fully set forth herein the preceding paragraphs of this Complaint.

40. California Labor Code § 221 provides that: "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee." Labor Code § 223 prohibits an employer from paying a lower wage while purporting to pay a wage designated by statute or by contract. Labor Code § 3751 prohibits an employer from making deductions from employee earnings to cover any part of workers' compensation.

41. Labor Code § 224 prohibits deductions by employers not otherwise authorized by state or federal law or expressly authorized in writing by the employee.

6

COMPLAINT; CASE NO.

42. These and other provisions of the California Labor and Civil Codes impose strict limitations on an employer's right to withhold or deduct unauthorized amounts from employees' wages.

43. Defendants have had a policy and practice of deducting amounts from the pay of Plaintiff and class members for employer expenses including but not limited to Workers' Compensation Insurance, Unemployment Insurance, Medicare, Social Security, federal and state taxes, accounting fees, shareholder loans, unauthorized retirement contributions, unauthorized charitable contributions, and business travel expenses.

44. These deductions violate Labor Code §§ 221 and 223.

45. Plaintiffs and members of the Class are therefore are entitled to recover all actual and statutory damages and penalties applicable to these violations, as well as reasonable costs of suit and attorney's fees, in amounts to be proven at trial.

## SECOND CAUSE OF ACTION

**(Failure to Indemnify Employees for Expenses in Violation of California Labor Code § 2802 by Plaintiff individually and on behalf of the Class)**

46. Plaintiff individually, and on behalf of the Class, incorporates by reference as though fully set forth herein the preceding paragraphs of this Complaint.

47. California Labor Code § 2802 provides that: "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer. . . . For purposes of this section, the term 'necessary expenditures or losses' shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section."

48. This provision of the California Labor Code imposes strict limitations on an employer's ability to offset the costs of business by imposing financial obligations on employees as a condition of discharging their duties.

49. At all times relevant herein, Defendants were required by law to indemnify Plaintiff and members of the Class for all necessary expenditures or losses incurred by Plaintiff and members

7

COMPLAINT; CASE NO.

of the Class pursuant to Labor Code § 2802 and the corresponding California regulations.

50. In violation of state law, Defendants have refused to perform their obligation to Plaintiff and members of the Class under Labor Code § 2802. In particular, Defendants have required Plaintiff and members of the Class to incur business expenses including but not limited to Workers' Compensation Insurance, Unemployment Insurance, Medicare, Social Security, federal and state taxes, accounting fees, shareholder loans, unauthorized retirement contributions, and unauthorized charitable contributions.

51. Plaintiff and members of the Class are therefore are entitled to recover all actual and statutory damages and penalties applicable to these expenses, interest and attorneys' fees and costs in amounts to be proven at trial.

### THIRD CAUSE OF ACTION

**(Waiting Time Penalties in Violation of California Labor Code §§ 201, 202 & 203 by Plaintiff Individually and on Behalf of the Class)**

52. Plaintiff individually, and on behalf of the Class, incorporates by reference as though fully set forth herein the preceding paragraphs of this Complaint.

53. California Labor Code § 201 requires an employer who discharges an employee to pay all compensation due and owing to that employee immediately upon discharge. California Labor Code § 202 requires an employer to pay all compensation due and owing to an employee who quits within 72 hours of that employee quitting, unless the employee provides at least 72 hours notice of quitting, in which case all compensation is due at the end of the employee's final day of work.

54. California Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by § 201 or § 202, then the employer is liable for waiting time penalties in the form of continued compensation of up to 30 work days.

55. Defendants have willfully failed and refused to timely pay compensation and wages due to Plaintiff and class members under §§ 221, 223 and 2802. As a result, Defendants are liable to Plaintiff and members of the Class for waiting time penalties, together with interest thereon and reasonable attorney's fees and costs, under California Labor Code §§ 203 and 218.5.

COMPLAINT; CASE NO.

## FOURTH CAUSE OF ACTION

**(Failure to Provide Accurate Itemized Wage Statements in Violation of California Labor Code § 226 by Plaintiff Individually and on Behalf of the Class)**

56. Plaintiff individually, and on behalf of the Class, incorporates by reference as though fully set forth herein the preceding paragraphs of this Complaint.

57. Pursuant to California Labor Code § 226, all employers are required to maintain accurate wage records for a period of at least three years, and provide each employee with accurate, periodic wage statements in writing setting forth, among other things: (a) the gross wages earned; (b) the net wages earned; (c) the dates of work for which payment of wages is made; (d) all deductions from those wages; and (e) the name and address of the employer.

58. California Labor Code § 226(e) further provides that any employee suffering injury due to an intentional violation of the aforementioned obligations may collect the greater of either actual damages or $50 for the first inadequate wage statement and $100 for each inadequate statement thereafter up to $4,000 per employee.

59. At all times herein relevant, Defendants have knowingly and intentionally failed to comply with California Labor Code § 226 by failing to provide accurate, complete and itemized wage statements in writing.

60. Plaintiff and Class members are therefore entitled to recover the greater of actual damages or penalties as a result of Defendants' failure to provide proper wage statements, in an amount to be determined at trial.

61. Plaintiff and the Class are also entitled to recover interest, attorneys' fees and costs.

## FIFTH CAUSE OF ACTION

**(Unfair Competition in Violation of California Business and Professions Code § 17200 *et seq.* by Plaintiff individually and on behalf of the Class)**

62. Plaintiff individually, and on behalf of the Class, incorporates by reference as though fully set forth herein the preceding paragraphs of this Complaint.

63. The California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"), defines unfair competition to include any "unlawful," "unfair," or "fraudulent" business

COMPLAINT; CASE NO.

act or practice. Cal. Bus. & Prof. Code § 17200.

64. Defendants' conduct as described above constitutes unlawful and unfair business practices for the following reasons: Defendants have violated various sections of the California Labor Code, including but not limited to §§ 221 (prohibiting unlawful, unauthorized deductions from wages), 223 (prohibiting any charges or requirement for an employee to pay any fees and costs rendering the payment to an employee lower than otherwise promised), 226 (requiring employer to furnish accurate wage statements), 2802 (requiring employer to indemnify employees for all expenses incurred in discharge of duties); 3751(prohibiting employer from making any deduction from the earnings of an employee either directly or indirectly to cover the whole or any part of the cost of workers' compensation).

65. Defendants' conduct described above constitutes fraudulent business practices because Defendants have made misrepresentations and omissions of material fact as described above to induce Plaintiff and members of the Class to enter into employment with Defendants, Defendants' misrepresentations and omissions are objectively material and are likely to deceive the reasonable employee, and Plaintiff and members of the Class reasonably and justifiably relied on such misrepresentations.

66. As a result of Defendants' unlawful and unfair conduct, Plaintiff and members of the Class suffered injury in fact and lost money and property, including, but not limited to loss of wages and earnings promised by Defendants.

67. Pursuant to California Business and Professions Code § 17203, Plaintiff and members of the Class seek declaratory and injunctive relief for Defendants' unlawful, unfair, and fraudulent conduct and to recover restitution.

68. Pursuant to California Code of Civil Procedure § 1021.5, Plaintiffs and members of the Class are entitled to recover reasonable attorney's fees, costs, and expenses incurred in bringing this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief on behalf of himself and the Class against respective Defendants to the extent each Defendant is liable under each cause of caution:

1. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23 and appointment of Plaintiff and Plaintiff's counsel to represent the Class;

2. Provision of class notice to members of the Class as defined above;

3. A declaratory judgment that Defendants knowingly and intentionally violated the following provisions of the law:

   a. Cal. Labor Code §§ 221 and 223 by making unlawful deductions which has resulted in lower compensation to Plaintiff and Class members;

   b. Cal. Labor Code § 2802 by failing to indemnify Plaintiff and the Class members for all necessary business expenses and losses; and

   c. Cal. Labor Code §§ 201-203 for willful failure to repay unlawfully deducted wages at the time of termination of employment, resulting in unpaid waiting time penalties.

4. That the Court find and declare Defendants' acts and practices as described herein to violate the Unfair Competition Law;

5. That Defendants be permanently enjoined from engaging in the unlawful, unfair, and fraudulent acts and practices alleged herein;

6. An order requiring Defendants to pay restitution of all amounts owed to Plaintiffs and members of the Class for failure to reimburse business expenses, and interest thereon, in an amount according to proof, pursuant to California Business and Professions Code § 17203;

7. Compensatory damages according to proof;

8. Statutory damages and penalties as provided under the Labor Code;

9. Pre-judgment interest on all sums collected;

10. Reasonable attorney's fees and costs, pursuant to California Code of Civil Procedure § 1021.5 and California Labor Code §§ 2802, and 201, 218.5 and/or other applicable law;

11. For costs of suit herein; and

11

COMPLAINT; CASE NO.

12. For such other and further relief as the Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of each and every cause of action so triable.

Dated: May 4, 2012

DUCKWORTH PETERS LEBOWITZ OLIVIER LLP

By: _____
Monique Olivier
Attorney for Plaintiff and the Putative Class

COMPLAINT; CASE NO.