1   Ronald A. McIntire, Bar No. 127407
    RMcIntire@perkinscoie.com
2   Melora M. Garrison, Bar No. 205408
    MGarrison@perkinscoie.com
3   **PERKINS COIE LLP**
    1888 Century Park East, Suite 1700
4   Los Angeles, CA  90067-1721
    Telephone:  310.788.9900
5   Facsimile:  310.788.3399

6   Attorneys for Defendants
    Perkins Coie LLP and
7   Perkins Coie California, P.C.

8                    **UNITED STATES DISTRICT COURT**

9                    **NORTHERN DISTRICT OF CALIFORNIA**

10

11

12  HAROLD DEGRAFF, on behalf of          Case No. CV 12 2256 JSW
    himself and all others similarly situated,
                                          **NOTICE OF MOTION AND MOTION
13                    Plaintiffs,         TO DISMISS OR, IN THE
                                          ALTERNATIVE, TO STAY ACTION
14        v.                              PENDING ARBITRATION;
                                          MEMORANDUM OF POINTS AND
15  PERKINS COIE LLP; PERKINS COIE        AUTHORITIES IN SUPPORT
    CALIFORNIA, P.C.; and DOES 1 to       THEREOF
16  10, inclusive,
                                          *[Declarations of Lynette McDowell, Jane
17                    Defendants.          Frissell and Ronald McIntire filed
                                          concurrently herewith]*
18
                                          Date:     August 3, 2012
19                                        Time:     9:00 a.m.
                                          Crtrm:    11
20                                        Judge:    Hon. Jeffrey S. White

21

22

23

24

25

26

27

28

1  TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

2  PLEASE TAKE NOTICE that on August 3, 2012, at 9:00 a.m., or as soon

3  thereafter as the matter may be heard, before the Honorable Jeffrey S. White, in

4  Courtroom 11 of the United States District Court for the Northern District of California,

5  located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendants

6  Perkins Coie LLP and Perkins Coie California, P.C. will and hereby do move for an order

7  dismissing the Complaint of Plaintiffs Harold DeGraff and all others purportedly similarly

8  situated, in its entirety, or, in the alternative, for an order staying this entire action pending

9  arbitration.

10  This motion is made pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 3-4, on

11  the grounds that there exists a valid agreement to arbitrate between and amongst Plaintiff

12  Harold DeGraff, on the one hand, and Defendants Perkins Coie LLP and Perkins Coie

13  California, P.C., on the other; that the claims asserted against Defendants are subject to

14  the arbitration agreement; and that there is no defense to the mandatory arbitration of such

15  claims. In accordance with the arbitration agreement between the parties, the Federal

16  Arbitration Act, and the judicial policy favoring arbitration, Plaintiff is required to

17  arbitrate all of his claims.

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1         This Motion will be based on this Notice of Motion and Motion, the Memorandum

2    of Points and Authorities in support of the Motion, the Declarations of Lynette McDowell,

3    Jane Frissell, and Ronald McIntire and the exhibits thereto, all pleadings, papers, and

4    records on file with the Court, and such further evidence and argument as the Court may

5    deem necessary and proper.

6

7    DATED:  June 6, 2012                              **PERKINS COIE** LLP

8

9                                                      By:   _/s/ Ronald A. McIntire_
                                                          Ronald A. McIntire, Bar No. 127407
                                                          RMcIntire@perkinscoie.com
10                                                        Melora M. Garrison, Bar No. 205408
                                                          MGarrison@perkinscoie.com
11
                                                       Attorneys for Defendants
12                                                     Perkins Coie LLP and Perkins Coie
                                                       California, P.C.
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ................................................................................................ 1

II.  BACKGROUND ................................................................................................ 1

    A.   DeGraff's Status as a Full Equity Partner In Perkins Coie, Governed by the Arbitration Clause In His Partnership Agreement with the Firm ........................................................................................................ 1

    B.   DeGraff's Prior Failure to Honor the Agreement to Arbitrate ................... 3

III. ALL OF PLAINTIFF'S CLAIMS MUST BE ARBITRATED ............................. 4

    A.   There Is an Agreement to Arbitrate Between the Parties ............................ 5

    B.   All of DeGraff's Claims Fall Within the Scope of the Arbitration Agreement ................................................................................................. 6

    C.   The Arbitration Agreement Is Valid and Enforceable ................................ 6

        1.   Procedural Unconscionability ........................................................ 8

        2.   Substantive Unconscionability ...................................................... 9

IV.  CONCLUSION ................................................................................................. 10

1

# TABLE OF AUTHORITIES

2

Page

3 CASES

4
5 *Abramson v. Juniper Networks, Inc.*,
   115 Cal. App. 4th 638 (2004) ...........................................................................7

6
7 *Adler v. Fred Lind Manor*,
   153 Wash.2d 331 (Wash. 2004) .........................................................................6

8 *Al-Safin v. Circuit City Stores, Inc.*,
   394 F.3d 1254 (9th Cir. 2005) ...........................................................................6

9
10 *Armendariz v. Found. Health Psychcare Servs., Inc.*,
    24 Cal.4th 83 (2000) ..........................................................................................6

11
12 *AT&T Mobility v. Concepcion*,
    131 S.Ct. 1740 (2011) ................................................................................4, 5, 9

13 *Davis v. O'Melveny & Meyers*,
14    485 F.3d 1066 (9th Cir. 2007), *overruled on other grounds by Kilgore v.*
      *KeyBank, Nat'l Ass'n*, 673 F.3d 947 (9th Cir. 2012) ...............................7, 8, 9

15
16 *Dean Witter Reynolds, Inc. v. Byrd*,
    470 U.S. 213 (1985) ...........................................................................................4

17 *Dean Witter Reynolds, Inc. v. Superior Court*,
18    211 Cal. App. 3d 758 (1989) .............................................................................8

19 *EEOC v. Luce, Forward, Hamilton & Scripps*,
    345 F.3d 742 (9th Cir. 2003) .............................................................................9
20

21 *Ferguson v. Countrywide Credit Indus.*,
    298 F.3d 778 (9th Cir. 2002) .............................................................................4

22
23 *First Options of Chicago, Inc. v. Kaplan*,
    514 U.S. 938 (1995) ...........................................................................................4

24 *Flores v. Transamerica HomeFirst, Inc.*,
    93 Cal.App.4th 846, 853 (2001) ........................................................................7
25

26 *Frame v. Merrill Lynch, Pierce, Fenner, & Smith*,
    20 Cal.App.3d 668 (1971) .................................................................................9
27

28

1

2

# TABLE OF AUTHORITIES
## (continued)

Page

3

*Lifescan, Inc. v. Pernaier Diabetic Servs., Inc.*,

4
    363 F.3d 1010 (9th Cir. 2004) ...................................................................................4

5

*Luna v. Kemira Specialty, Inc.*,
    575 F.Supp.2d 1166 (C.D. Cal. 2008) .......................................................................4

6

7

*Mendez v. Palm Harbor Homes, Inc.*,
    111 Wn. App. 446 (2002)............................................................................................7

8

*Montgomery Ward & Co. v. Annuity Bd. of S. Baptist Convention*,

9
    16 Wash.App. 439 (1976) ...........................................................................................7

10

*Nagrampa v. MailCoups Inc.*,

11
    469 F.3d 1257 (9th Cir. 2006) ...................................................................................7

12

*Nelson v. McGoldrick*,
    127 Wash.2d 124 (Wash. 1995) .................................................................................7

13

14

*Stoican v. Cellco P'ship*,
    No. C10-1017RAJ, 2010 WL 5769125 (W.D. Wash. Dec. 10, 2010) ..........................9

15

*Three Valleys Mun. Water Dist. V. E.F. Hutton & Co.*,

16
    925 F.2d 1136 (9th Cir. 1991) ...................................................................................4

17

STATUTES

18

9 U.S.C. § 2 ...................................................................................................................4

19

9 U.S.C. § 3 ...................................................................................................................4

20

9 U.S.C. § 4 ...................................................................................................................4

21

Cal. Civ. Code § 1670.5(a) ...........................................................................................7

22

RCW 62A.2-302(1)........................................................................................................7

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Plaintiff Harold DeGraff ("DeGraff"), a partner in Defendant Perkins Coie LLP ("Perkins Coie") and a shareholder in its corporate partner, Defendant Perkins Coie California, P.C. (collectively, "the Perkins Defendants"), brings claims that are entirely subject to mandatory binding arbitration.  His relationship with the firm was expressly governed by the terms of the Partnership Agreement that he signed, including a mandatory arbitration provision.  The arbitration provision in the Partnership Agreement is straightforward: all disputes arising out of the relationship between DeGraff and Perkins Coie or Perkins Coie California must be resolved by binding arbitration.

DeGraff now attempts to circumvent his own prior express agreement to arbitrate, claiming in this lawsuit that he was an "employee" of the Perkins Defendants rather than a partner.  His attempt is unavailing and beside the point.  Regardless of how DeGraff tries to characterize his relationship with the Perkins Defendants, there can be no dispute that DeGraff's current claims arise from that relationship, and that he entered into an agreement requiring him to arbitrate those claims.  This Court should dismiss DeGraff's claims or, in the alternative, stay this action pending mandatory arbitration pursuant to the parties' agreement.

## II.  BACKGROUND

**A.  DeGraff's Status as a Full Equity Partner In Perkins Coie, Governed by the Arbitration Clause In His Partnership Agreement with the Firm.**

Despite the repeated references in the complaint to his purported "employee" status, it is undisputable that DeGraff was a partner in Perkins Coie LLP from 2007 to 2010.  Like all other partners in the firm, DeGraff was given the choice between joining the firm as an individual partner or as a shareholder of a corporate partner, which, in the case of the firm's California offices, was Perkins Coie California, P.C.  DeGraff chose to join as a corporate partner.  (Declaration of Ronald A. McIntire ("McIntire Decl."), ¶ 3, Ex. B.)

In joining Perkins Coie as a partner, DeGraff was required to and did execute the firm's Partnership Agreement, the operative version of which at the time was dated January 1, 2005 ("Partnership Agreement").  (Declaration of Lynette McDowell ("McDowell Decl."), ¶ 3, Ex. A.)  DeGraff signed the Partnership Agreement as a shareholder of Perkins Coie California.  (*Id.*)  The Partnership Agreement contains a mandatory arbitration provision at Section 10.2, which provides, in pertinent part:

> Any dispute arising out of this Agreement, or out of the relationship between any Partner or Shareholder and the Firm or any Corporate Partner, or out of the relationship between or among two or more Partners or Shareholders shall be resolved by arbitration.  The arbitration shall be initiated by written notice to all the other parties to the dispute, shall be conducted in Seattle, shall be strictly confidential and shall be completed within 90 days of the written notice.

(*Id.*)  The Partnership Agreement also contains a choice-of-law clause providing that the Agreement shall be governed by Washington law.  (*Id.*)[1]

Prior to executing the Partnership Agreement, DeGraff had also executed an offer letter, which made his admission to the partnership as a voting, full-equity partner contingent on his execution of the Partnership Agreement and which expressly provided that the terms and conditions of the Partnership Agreement would govern his relationship with the firm.  (McDowell Decl., ¶ 6, Ex. C.)  A copy of the Partnership Agreement was also provided with the offer letter.  (*Id.*, ¶ 6.)  Because DeGraff joined Perkins Coie LLP as a corporate partner, rather than as an individual partner, he also signed an agreement pursuant to which he became a shareholder/employee of Perkins Coie California, which in turn was a corporate partner of Perkins Coie LLP ("employment agreement").  In that agreement, he further expressly acknowledged that he was bound by the terms of the Partnership Agreement:

> Employee [DeGraff] and Employer [Perkins Coie California, P.C.] acknowledge that the provisions of the partnership agreement of Perkins Coie LLP, as it may be amended from time to time in accordance with its terms . . . are binding on

---

[1] In addition to DeGraff, all of the shareholders of Perkins Coie California, P.C. who DeGraff alleges to be members of the putative class also signed the partnership agreement. (McDowell Decl., ¶ 5.)

Employer and Employee . . . .  Employee acknowledges receipt of a copy of the Partnership Agreement and agrees that all the provisions therein applicable to shareholders of multi-shareholder corporate partners of Perkins Coie (including Employer) are applicable to Employee.

(Declaration of Jane Frissell ("Frissell Decl."), ¶¶ 2-4, Ex. A.)  Finally, in addition to signing the 2005 Partnership Agreement, DeGraff also signed the amended 2009 version of the Partnership Agreement, which contains an arbitration provision identical to the arbitration provision in the 2005 version.  (McDowell Decl., ¶ 4, Ex. B.)

**B.     DeGraff's Prior Failure to Honor the Agreement to Arbitrate.**

This is DeGraff's second attempt to avoid mandatory arbitration.  On or about August 3, 2011, DeGraff filed a Notice of Claim with the California Labor Commissioner, asserting claims similar to—though not as expansive as—those that he asserts in this action.  (McIntire Decl. ¶ 4, Ex. C.)  On August 31, 2011, pursuant to the arbitration provision in the Partnership Agreement, the Perkins Defendants served DeGraff with a Notice of Initiation of, and Demand for, Arbitration.  (*Id.*, ¶ 5, Ex. D.)  After DeGraff refused to go forward with the arbitration process, the Perkins Defendants, in the interest of avoiding litigation to compel arbitration, stated that they were willing to hold the arbitration demand in abeyance, without prejudice to going forward with the arbitration at a later date and taking any steps necessary to enforce DeGraff's obligations under the Partnership Agreement.  (*Id.*, ¶ 6, Ex. E.)  On or about March 20, 2012, the day before the scheduled hearing before the Labor Commissioner, DeGraff abruptly withdrew his claim against the Perkins Defendants and cancelled the scheduled hearing, thereby voluntarily terminating his Labor Commission claim.  (*Id.*, ¶ 7, Ex. F.)  On May 4, 2012, DeGraff filed this action.[2]

---

[2] DeGraff is not the first former Perkins Coie partner to try to circumvent mandatory arbitration under the partnership agreement.  In *Rockefeller v. Perkins Coie LLP, et al.*, U.S.D.C., C.D. Cal., Case No. CV 09-4675 SVW (FFMx), former partner Nicholas Rockefeller's similar claims, including allegations of California Labor Code violations, were ruled subject to mandatory arbitration under the same arbitration clause, and therefore stayed.  (McIntire Decl., ¶ 2, Ex. A.)

1

### III.   ALL OF PLAINTIFF'S CLAIMS MUST BE ARBITRATED

2      The Federal Arbitration Act ("FAA") reflects "a liberal federal policy favoring

3  arbitration" and requires federal courts to compel arbitration of any claim covered by a

4  written and enforceable arbitration agreement.  *AT&T Mobility v. Concepcion*, 131 S.Ct.

5  1740, 1745-47 (2011).  Any doubts concerning the scope of arbitrable issues should be

6  resolved in favor of arbitration.  *See Three Valleys Mun. Water Dist. V. E.F. Hutton &*

7  *Co.*, 925 F.2d 1136, 1139 (9th Cir. 1991).  In ruling on a motion to compel arbitration, the

8  Court's role is limited to determining whether: (1) there is an agreement between the

9  parties to arbitrate; (2) the claims at issue fall within the scope of the agreement; and

10  (3) the agreement is valid and enforceable.  *Lifescan, Inc. v. Pernaier Diabetic Servs.,*

11  *Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004).  If these three conditions are met, the Court is

12  without discretion to deny the motion and must compel arbitration.  *See Dean Witter*

13  *Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) ("By its terms, the [FAA] leaves no

14  place for the exercise of discretion by a district court, but instead mandates that district

15  courts *shall* direct the parties to proceed to arbitration.").  "Where a contract validly

16  provides for arbitration of disputes, the Court should stay or dismiss the arbitrable claims

17  pending the outcome of the arbitration."  *First Options of Chicago, Inc. v. Kaplan*, 514

18  U.S. 938, 943 (1995); *see* 9 U.S.C. §§ 3-4 (providing that if an action is brought that is

19  subject to arbitration, the court "shall . . . stay the trial of the action until such arbitration

20  has been had" and "shall make an order directing the parties to proceed to arbitration");

21  *see also Luna v. Kemira Specialty, Inc.*, 575 F.Supp.2d 1166 (C.D. Cal. 2008) (holding

22  that a district court has discretion to dismiss a complaint for failure to state a claim upon

23  which relief can be granted if it finds all of the claims before it are arbitrable).

24      Agreements to arbitrate are valid, irrevocable, and enforceable, except upon such

25  grounds as exist at law or in equity for the revocation of any contract.  9 U.S.C. § 2.

26  Courts must apply ordinary state law principles in determining whether to invalidate an

27  agreement to arbitrate.  *Ferguson v. Countrywide Credit Indus.*, 298 F.3d 778, 782 (9th

28  Cir. 2002).  Thus, arbitration agreements may be invalidated only by generally applicable

1    contract defenses, such as fraud, duress, or unconscionability.  *Concepcion*, 131 S.Ct. at

2    145-47.  In connection with the Labor Commissioner proceedings, DeGraff asserted

3    unconscionability (without providing any specific arguments); he has never asserted fraud

4    or duress relating to the arbitration agreement.

5    **A.      There Is an Agreement to Arbitrate Between the Parties.**

6           There is no question that there is a binding and valid arbitration agreement between

7    DeGraff and the Perkins Defendants.  The Partnership Agreement, to which DeGraff was

8    a signatory and which governed his relationship with the Perkins Defendants at all

9    relevant times, unambiguously requires that "[a]ny dispute arising out of this Agreement,

10   or out of the relationship between any Partner or Shareholder and the Firm or any

11   Corporate Partner . . . shall be resolved by arbitration."  (McDowell Decl., ¶¶ 3-4, Exs. A-

12   B.)  As defined by the Partnership Agreement, DeGraff is a "Shareholder," Perkins Coie

13   LLP is the "Firm," and Perkins Coie California, P.C. is a "Corporate Partner."  (*Id.*)  Thus,

14   under the terms of the arbitration provision set forth in Section 10.2 of the Partnership

15   Agreement, any dispute arising out of the relationship between DeGraff and Perkins Coie

16   LLP and Perkins Coie California, P.C. is subject to mandatory arbitration.

17          In addition to entering into the Partnership Agreement in 2007 upon joining the

18   firm, DeGraff expressly acknowledged on multiple occasions that he was bound by all of

19   the terms of the Partnership Agreement.  He signed an offer letter and an employment

20   agreement in which he agreed that his relationship with the firm would be governed by the

21   terms of the Partnership Agreement.  (McDowell Decl., ¶ 6, Ex. C; Frissell Decl., ¶ 4,

22   Ex. A.)  He also signed a 2009 amendment to the Partnership Agreement, which contained

23   an arbitration provision identical to the one in the version of the Partnership Agreement

24   that DeGraff signed when he joined the firm in 2007.  (McDowell Decl., ¶ 4, Ex. B.)

25   There can be no dispute that there is an agreement to arbitrate between DeGraff and the

26   Perkins Defendants.

27

28

**B.    All of DeGraff's Claims Fall Within the Scope of the Arbitration Agreement.**

The arbitration provision in the Partnership Agreement is broad, encompassing all disputes arising out of the relationship between DeGraff and Perkins Coie LLP and/or Perkins Coie California, P.C.  (McDowell Decl., ¶¶ 3-4, Exs. A-B.)  DeGraff's complaint alleges that the Perkins Defendants improperly deducted capital contributions, charitable contributions, retirement and unemployment insurance, and other expenses that DeGraff claims should have been borne by the firm.  (Compl. ¶¶ 23-36.)  Regardless of how DeGraff tries to characterize his relationship with the Perkins Defendants, it is clear that his present claims arise out of that relationship.  Indeed, there would be no dispute but for the relationship between DeGraff and the Perkins Defendants.  Accordingly, because all the claims arise out of DeGraff's relationship with each of the Perkins Defendants, all claims against the Perkins Defendants must be arbitrated pursuant to Section 10.2 of the Partnership Agreement.

**C.    The Arbitration Agreement Is Valid and Enforceable.**

DeGraff has no valid defenses to arbitration.  He entered into the arbitration agreement freely and willingly, and reaffirmed on multiple occasions his intent to be bound by the Partnership Agreement and all its terms, including the arbitration provision.  Moreover, given that DeGraff was already an experienced corporate lawyer at the time he joined the firm and signed the Partnership Agreement, there are no grounds for any defense of procedural or substantive unconscionability.  Nonetheless, DeGraff has vaguely asserted, in response to the Perkins Defendants' prior arbitration demand, that the arbitration provision is "unconscionable."

To be unenforceable as unconscionable, a contract must be both procedurally and substantively unconscionable.  *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal.4th 83, 114 (2000); *Adler v. Fred Lind Manor*, 153 Wash.2d 331, 344 (Wash. 2004).[3]

_____

[3] The Partnership Agreement provides that it shall be governed by Washington law.  The analysis of unconscionability is the same under both Washington and California law, and DeGraff cannot demonstrate unconscionability under the law of either state.  *See, e.g., Al-Safin v. Circuit City Stores, Inc.*, 394 F.3d 1254, 1261 & n.6 (9th Cir. 2005) ("California and Washington law incorporate similar principles in analyzing the unconscionability of arbitration agreements.").

1   Procedural unconscionability concerns the manner in which the agreement was

2   negotiated, while substantive unconscionability concerns the terms of the agreement itself.

3   The "[p]rocedural unconscionability analysis focuses on 'oppression' or 'surprise.'"

4   *Nagrampa v. MailCoups Inc.*, 469 F.3d 1257, 1280 (9th Cir. 2006), quoting *Flores v.*

5   *Transamerica HomeFirst, Inc.*, 93 Cal.App.4th 846, 853 (2001). "'Oppression' arises

6   from an inequality of bargaining power that results in no real negotiation and an absence

7   of meaningful choice, while 'surprise' involves the extent to which the supposedly

8   agreed-upon terms are hidden in a prolix printed form drafted by the party seeking to

9   enforce them." *Id.*

10          Substantive unconscionability "focuses on the terms of the agreement and whether

11  those terms are so one-sided as to *shock the conscience*." *Davis v. O'Melveny & Meyers*,

12  485 F.3d 1066, 1075 (9th Cir. 2007), *overruled on other grounds by Kilgore v. KeyBank,*

13  *Nat'l Ass'n*, 673 F.3d 947, 960 (9th Cir. 2012); *Nelson v. McGoldrick*, 127 Wash.2d 124,

14  131 (Wash. 1995). "Monstrously harsh" and "exceedingly calloused" are other terms

15  used to define substantive unconscionability. *See Nelson*, 127 Wash.2d at 131;

16  *Montgomery Ward & Co. v. Annuity Bd. of S. Baptist Convention*, 16 Wash.App. 439, 444

17  (1976). Courts will not, however, "assume an overly paternalistic attitude toward the

18  parties to a contract by relieving one or another of them of the consequences of what is at

19  worst a bad bargain." *State v. Brown*, Wn. App. 586, 602, 965 P.2d 1102, 1111 (1998).

20  Unconscionability is determined as of the time the parties enter into the contract, and a

21  contract cannot later be deemed unconscionable through the benefit of hindsight. RCW

22  62A.2-302(1); Cal. Civ. Code § 1670.5(a); *Mendez v. Palm Harbor Homes, Inc.*, 111 Wn.

23  App. 446, 458 (2002); *Abramson v. Juniper Networks, Inc.*, 115 Cal. App. 4th 638, 655

24  (2004).

25          Both elements of unconscionability must be present, but they need not be present in

26  the same degree. *Nagrampa*, 469 F.3d at 1280. "In other words, the more substantively

27  oppressive the contract term, the less evidence of procedural unconscionability is required

28  to come to the conclusion that the term is unenforceable, and vice versa." *Id.*

1    **1.    Procedural Unconscionability.**

2        Prior to serving as a partner at Perkins Coie for three years, DeGraff was already an

3    experienced corporate lawyer who had practiced law for ten years.  He graduated from the

4    University of Michigan Law School and had received a master's degree from Stanford

5    University and a bachelor's degree from the United States Military Academy at West

6    Point.  According to his online biography for his current law firm, at the time he joined

7    Perkins Coie he had served as Associate General Counsel at Intuit, Inc. and had been

8    employed as an attorney by Wilson Sonsini Goodrich & Rosati.  *See*

9    http://haydenbergman.com/attorneys/harold-r-degraff/ (last visited on June 6, 2012) (also

10    describing DeGraff's relationship with Perkins Coie as follows: "Previously, Harold was a

11    partner at a large, full-service law firm . . .").

12        In light of DeGraff's prior education and experience as a transactional attorney,

13    there can be no valid argument of "oppression" or any significant inequality of bargaining

14    power between the parties.  *See, e.g., Dean Witter Reynolds, Inc. v. Superior Court*, 211

15    Cal. App. 3d 758 (1989) (finding no unconscionability where plaintiff was a

16    "sophisticated investor-attorney").  *Cf. Davis v. O'Melveny & Meyers*, 485 F.3d at 1074-

17    75.  Nor can there be any argument that there was an element of "surprise" in DeGraff's

18    agreeing to the arbitration agreement.  As an experienced transactional lawyer, DeGraff

19    could reasonably be expected to have examined the details of an agreement as important

20    as a law firm partnership agreement before signing it, and any "surprise" as to its contents

21    would have been due solely to DeGraff's carelessness, not to Perkins Coie's contract-

22    drafting.

23        Moreover, the fact that DeGraff seeks to bring this action as a representative of a

24    putative class does not affect the validity or enforceability of the arbitration provision in

25    the Partnership Agreement:

26            Respondent asserts that because he brought his action in
            behalf of the class of persons affected by the contract
27            arbitration should not be required.  But if all employees
            similarly situated have signed the same arbitration agreement
28            as that which respondent challenges, all are equally bound.  If

the agreement is valid, it is valid as to all members of the
class. It would be inappropriate to allow respondent and the
other members of the class he claims to represent to evade the
terms of the agreement simply by bringing their action
together as a "class" rather than as individuals.

*Frame v. Merrill Lynch, Pierce, Fenner, & Smith*, 20 Cal.App.3d 668, 672 (1971); *see,*

*e.g., Stoican v. Cellco P'ship*, No. C10-1017RAJ, 2010 WL 5769125, at *1 (W.D. Wash.

Dec. 10, 2010) (noting that plaintiff, "like the members of the class she seeks to represent,

signed an arbitration agreement that requires consumers to arbitrate their claims").

In sum, there are no grounds for any argument that the arbitration agreement was

procedurally unconscionable.

### 2.    Substantive Unconscionability.

While DeGraff now apparently takes issue with certain aspects of the arbitration

provision in the Partnership Agreement, nothing about the arbitration provision or any

other term in the Partnership Agreement is "monstrously harsh" or "shocking to the

conscience," especially as applied to DeGraff, who expressly agreed to the arbitration

clause by signing the Partnership Agreement, the offer letter and the Employment

Agreement, and, later, by signing an amendment to the Partnership Agreement. *See*

*Davis*, 485 F.3d at 1075. To the extent that DeGraff attempts to argue that the choice-of-

law clause is substantively unconscionable, his argument must also fail. "[A]rbitration

affects only the choice of forum, not substantive rights." *EEOC v. Luce, Forward,*

*Hamilton & Scripps*, 345 F.3d 742, 750 (9th Cir. 2003). Nothing prevents a Washington

arbitrator from applying Washington law to certain issues relating to the Partnership

Agreement and California law to others, depending on the outcome of a choice-of-law

analysis.[4] None of the terms of the Partnership Agreement even comes close to the

---

[4] Nor can there be any argument under California's former *Broughton-Cruz* rule that
DeGraff's claims for injunctive relief under the Unfair Competition Law are not subject to
arbitration. Even if California law applied, the Ninth Circuit recently held that "the *Broughton-*
*Cruz* rule does not survive *Concepcion* because the rule 'prohibits outright the arbitration of a
particular type of claim'—claims for broad public injunctive relief. *Concepcion*, 131 S.Ct. at
1747. Therefore, our statement in *Davis*—that *Broughton* and *Cruz* prohibit the arbitration of
public injunctive relief claims in California—is no longer good law." *Kilgore*, 673 F.3d at 960.

1    extreme level of one-sidedness necessary to render an agreement substantively

2    unconscionable.

3                            **IV.    CONCLUSION**

4          DeGraff is an experienced attorney who willingly entered into a partnership

5    agreement containing a mandatory arbitration provision governing all claims arising from

6    DeGraff's relationship with the Perkins Defendants, and he reaffirmed that agreement in

7    several other documents.  Nothing about the Partnership Agreement or DeGraff's

8    relationship with the Perkins Defendants justifies invalidating that arbitration agreement.

9    The Perkins Defendants respectfully request that the Court dismiss DeGraff's complaint

10   in its entirety for failure to state a claim on which relief can be granted, or, in the

11   alternative, that it stay DeGraff's action pending arbitration.

12

13   DATED:  June 6, 2012                           **PERKINS COIE LLP**

14

15                                                  By:    */s/ Ronald A. McIntire*
                                                    Ronald A. McIntire, Bar No. 127407
16                                                  RMcIntire@perkinscoie.com
                                                    Melora M. Garrison, Bar No. 205408
17                                                  MGarrison@perkinscoie.com

18                                                  Attorneys for Defendants
                                                    Perkins Coie LLP and Perkins Coie
19                                                  California, P.C.

20

21

22

23

24

25

26

27

28