IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD DEGRAFF,<br><br>    Plaintiffs,<br><br>  v.<br><br>PERKINS COIE LLP, et al.,<br><br>    Defendants.<br>_____ / | No. C 12-02256 JSW<br><br>**ORDER REGARDING MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY ACTION PENDING ARBITRATION** |

Now before the Court is motion to dismiss or, in the alternative, to stay action pending arbitration filed by Perkins Coie LLP and Perkins Coie California, P.C. ("Perkins Coie"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and concludes that the matter is suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for August 3, 2012 is HEREBY VACATED. For the reasons set forth in the remainder of this Order, Perkins Coie's motion is GRANTED.

**BACKGROUND**

Plaintiff Harold DeGraff ("Plaintiff") seeks to bring this action on behalf of himself and a purported class. Plaintiff, a lawyer, signed a Partnership Agreement and Employee Agreement with Perkins Coie. Plaintiff contends that he was an employee of Perkins Coie who was wrongfully required to pay for certain business expenses. Perkins Coie contends, on the other hand, that Plaintiff joined Perkins Coie as a partner of the law firm. In the Partnership Agreement, there is an arbitration provision. In light of this arbitration provision, Perkins Coie

moves to dismiss this action or, in the alternative, to stay it pending arbitration. The Court will address any additional facts as necessary in the remainder of this order.

## ANALYSIS

**A.  Applicable Legal Standards.**

Pursuant to the Federal Arbitration Act ("FAA"), arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds that exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Once the Court has determined that an arbitration agreement involves a transaction involving interstate commerce, thereby falling under the FAA, the Court's only role is to determine whether a valid arbitration agreement exists and whether the scope of the parties' dispute falls within that agreement. 9 U.S.C. § 4; *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).

Notwithstanding the liberal policy favoring arbitration, by entering into an arbitration agreement, two parties are entering into a contract. *Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior University*, 489 U.S. 468, 479 (1989) (noting that arbitration "is a matter of consent, not coercion"). Thus, as with any contract, an arbitration agreement is "subject to all defenses to enforcement that apply to contracts generally." *Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1170 (9th Cir. 2003.)  Therefore, arbitration agreements may be "invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability." *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1744 (2011).

**B.  Perkins Coie' Motion.**

Plaintiff does not dispute the validity of the agreement or that the arbitration agreement encompasses the dispute at issue. Plaintiff opposes the motion on the grounds that the agreement to arbitrate is unconscionable and therefore is unenforceable.

As a threshold matter, the Court must resolve what standard governs the dispute at issue. Plaintiff contends that the Court should apply California law pursuant to the Employment Agreement and that the heightened standard set forth in *Armendariz v. Foundation Health Psychcare Servs., Inc.*, 24 Cal. 4th 83 (2000), applies. Perkins Coie argues that Washington law applies pursuant to the choice of law provision in the Partnership Agreement and that the

2

1  heightened standard set forth in *Amendariz* is inapplicable regardless of the choice of law.
2  However, because Perkins Coie contends that the heightened standard in *Amendariz* is
3  inapplicable, there is no difference between California and Washington law. As discussed
4  below, the Court finds that the heightened standard set forth in *Amendariz* does not apply.
5  Therefore, there is no conflict and the Court need not resolve whether California law or
6  Washington law applies.

7  **1.    Whether the Heightened Standard in *Amendariz* Applies.**

8  *Amendariz* enumerated several minimum requirements for arbitrating claims. *See*
9  *Boghos v. Certain Underwriters at Lloyd's of London*, 36 Cal. 4th 495, 508 (2005) (internal
10  quotation marks and citation omitted). However, the California Supreme Court has made clear
11  that these requirements are only applicable to claims "that seek to enforce public policies that
12  are carefully tethered to statutory or constitutional provisions." *Id*. at 508 (holding that
13  *Amendariz's* cost-shifting rule was inapplicable to breach of contract claim). In *Giuliano v*
14  *Inland Empire Personnel, Inc.*, 149 Cal. App. 4th 1276, 1290 (2007), the California Court of
15  Appeal held that statutory wage claims for failure to provide multi-million dollar bonus and
16  severance payments were not subject to *Amendariz*. Despite the fact that the claims were for
17  "wages," the court found that the claims did not raise public policy concerns. The court
18  distinguished cases that had applied *Amendariz* to wage claims on the grounds that those cases
19  were addressing overtime or minimum wage claims under the Fair Labor Standards Act. *Id*.
20  The court held that *Amendariz* did not apply because the claims for bonus and severance
21  payments were "not based on the [California Fair Housing and Employment Act] or a
22  fundamental public policy that is tied to a constitutional or statutory provision." *Id*.

23  Similarly, here, although Plaintiff brings California wage claims, his claims are for the
24  alleged failure to reimburse for business expenses. The Court notes that it is debatable whether
25  Plaintiff's claims are even properly brought as wage claims. *See Nelson v. Dollar Tree Stores,*
26  *Inc.*, 2011 WL 3568498, *2-5 (E.D. Cal. Aug. 15, 2011) (holding that reimbursement for
27  business expenses does not constitute "wages" under California law); *see also Drumm v.*
28  *Morningstar, Inc.*, 695 F. Supp. 2d 1014, 1021 (N.D. Cal. 2010). Regardless, similar to the

3

1 claims at issue in *Guiliano*, Plaintiff's claims are not based on FEHA or a fundamental public
2 policy that is closely tethered to a constitutional or statutory provision. Accordingly,
3 *Amendariz* is inapplicable.

### 2. Whether the Arbitration Agreement is Unconscionable.

When a party challenges an arbitration agreement on the basis of unconscionability, that party must demonstrate that the arbitration agreement is both procedurally and substantively unconscionable. *See Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1280 (9th Cir. 2006). Although a party must establish both elements, those elements exist on a sliding scale. *Id.* "In other words, the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." *Id.* (quoting *Armendariz*, 24 Cal. 4th at 114).

### a. Procedural Unconscionability.

"Procedural unconscionability addresses the manner in which agreement to the disputed term was sought or obtained... ." *Szetela v. Discover Bank*, 97 Cal. App. 4th 1094, 1099 (2002). The procedural element of an unconscionable contract generally takes the form of a contract of adhesion, which, imposed and drafted by the party of superior bargaining strength, relegates to the subscribing party only the opportunity to adhere to the contract or reject it. *Little v. Auto Stiegler, Inc*., 29 Cal. 4th 1064, 1071 (2003) (citing *Armendariz,* 24 Cal. 4th at 113). In the case of preemployment arbitration contracts, the "economic pressure exerted by employers on all but the most sought-after employees may be particularly acute, for the arbitration agreement stands between the employee and necessary employment, and few employees are in a position to refuse a job because of an arbitration requirement." *Id.* (citing *Armendariz,* 24 Cal. 4th at 115); *see also Szetela*, 97 Cal. App. 4th at 1100 ("When the weaker party is presented [a] clause and told to 'take it or leave it' without the opportunity for meaningful negotiation, oppression, and therefore procedural unconscionability, are present.").

Perkins Coie contends that Plaintiff is a sophisticated lawyer. That fact, however, is not dispositive. *See Nagrampa*, 469 F.3d at 1283 ("the sophistication of a party, alone, cannot defeat a procedural unconscionability claim"). Plaintiff declares that he was told he had to sign

4

the Partnership Agreement and that he had no opportunity to negotiate the terms. (Declaration of Harold DeGraff, ¶ 7.) Accordingly, the Court finds that Plaintiff has demonstrated the existence of some procedural unconscionability. However, Plaintiff's showing is only minimal. *See Nagrampa*, 469 F.3d at 1284 (noting that evidence that defendant had "overwhelming bargaining power, drafted the contract, and presented it to [plainitff] on a take-it-or-leave-it basis" amounted to only minimal evidence of procedural unconscionability). Therefore, Plaintiff must make a strong showing of substantive unconscionability.

### b. Substantive Unconscionability.

The concept of substantive unconscionability relates to the actual terms of the arbitration agreement and whether those terms are "overly harsh" or "generates one-sided results." *Nagrampa*, 469 F.3d at 1281 (internal citations and quotation marks omitted). "The paramount consideration in assessing conscionability is mutuality." *Id*. (internal citations and quotation marks omitted). Plaintiff argues that the arbitration provision is substantively unconscionable because it requires the arbitration to be completed in 90 days, to be conducted in Seattle, to apply Washington law, and to remain confidential. According to Plaintiff, these provisions deprive him of relief that would otherwise be available to him if he pursued the action in a court. However, with the exception of the confidentiality requirement, Plaintiff has not demonstrated that these terms are over "overly harsh" or "generates one-sided results." The Court notes that this is not a particularly complicated case. The arbitration provision does not preclude discovery altogether, but merely restricts the time period for discovery. It is not clear that the 90-day period would provide insufficient time to conduct necessary discovery.

Nor has Plaintiff shown why requiring the arbitration to be conducted in Seattle is problematic. "[F]orum selection clauses are valid and should be given effect unless enforcement of the clause would be unreasonable." *Nagrampa*, 469 F.3d at 1287 (quoting *Intershop Communications, AG v. Superior Court*, 104 Cal. App. 4th 191, 196 (2002)). Plaintiff bears the burden of demonstrating that the "place and manner" restrictions of the forum selection provision are "unduly oppressive," or have the effect of shielding the Perkins Coie from liability. *Id*. Here, Plaintiff has not done so.

5

1    Plaintiff also argues that the Washington law selection clause deprives him of his wage
2 claims under California law.  The choice of law provision is one that must be decided in the
3 first instance by the arbitrator.  *See Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer*, 515
4 U.S. 528, 541 (1995).  Moreover, the Court notes that the parties dispute whether or not
5 Plaintiff was an employee or a partner.  If the arbitrator determines that Plaintiff was not an
6 employee, his claims could be moot.  Additionally, the choice of law provision is not unique to
7 the arbitration provision.  The Partnership Agreement provides that the agreement "shall be
8 governed by the laws of the State of Washington."  (McDowell Decl., Ex. A at § 10.3.)  Thus,
9 regardless of whether Plaintiff proceeds in this Court or in an arbitration, he would need to
10 demonstrate that the choice of law provision is inapplicable or should not be enforced.

11    However, with respect to the confidentiality provision, Plaintiff has made a showing that
12 this provision unfairly benefits Perkins Coie.  Perkins Coie has institutional knowledge of prior
13 arbitrations.  In contrast, individual litigants, such as Plaintiff, are deprived from obtaining
14 information regarding any prior arbitrations.  Thus, Perkins Coie is the only party who would
15 obtain any benefit from this provision without receiving any negative impact in return.
16 Accordingly, the Court finds that the confidentiality provision is substantively unconscionable.
17 *See Davis v. O'Melveny & Meyers*, 485 F.3d 1066, 1079 (2007), *overruled on another point in*
18 *Kilgore v. KeyBank, Nat. Ass'n*, 673 F.3d 947, 960 (9th Cir. 2012) (finding similar
19 confidentiality provision substantively unconscionable under California law); *Zuver v. Airtouch*
20 *Communications, Inc.*, 153 Wash. 2d 293, 315 (2004) (finding similar confidentiality provision
21 substantively unconscionable under Washington law).

22    Plaintiff further argues that the provision does not provide for a neutral arbitrator.  The
23 arbitration provision requires, if the parties cannot agree to an arbitrator, that the arbitrator shall
24 be a partner in a law firm having a Seattle office with at least 100 lawyers. (Declaration of
25 Lynette McDowell ("McDowell Decl."), Ex. A.)  Plaintiff contends that such an arbitrator
26 would "necessarily be a peer of Perkins Coie," and thus the neutrality of the arbitrator is "at
27 risk." (Opp. at 8.)  However, the Court notes that, as a lawyer from a firm of an equivalent size,
28 the arbitrator would also be a peer of Plaintiff.  The Court finds that the mere fact that the

6

arbitrator may be one from a law firm of equivalent size and location as Perkins Coie is insufficient to demonstrate any bias against Plaintiff.

Next, Plaintiff argues that the arbitration provision is substantively unconscionable because it provides that the parties shall split the arbitrator fee and that the prevailing party is liable for the other party's attorneys' fees and costs. Plaintiff argues, based on *Amendariz*, that it is unconscionable to require him to bear any type of expense that he would not have to incur in court. However, as discussed above, the heightened standards set forth in *Amendariz* are inapplicable here. As the California Supreme Court noted, the *Amendariz* rule prohibiting the imposition of costs is a "judicially created exception to California Code of Civil Procedure section 1284.2, which provides that the parties to an arbitration agreement do share costs '[u]nless the arbitration agreement otherwise provides or the parties to the arbitration otherwise agree....'" *Boghos*, 36 Cal. 4th at 507-08 (quoting Cal. Code Civ. Proc. § 1284.2). Significantly, these terms in the arbitration provision apply equally to both Plaintiff and Perkins Coie. Accordingly, Plaintiff has not demonstrated that these terms are substantively unconscionable.

Similarly, relying solely on *Amendariz*, Plaintiff argues that the failure of the arbitration provision to require a written, reasoned opinion is unconscionable. Because *Amendariz* is inapplicable here, Plaintiff fails to demonstrate that such provision is substantively unconscionable. Therefore, the only aspect of the arbitration provision that the Court finds is substantively unconscionable is the confidentiality requirement.

Under both California and Washington law, the Court has discretion to either sever the unconscionable provision or provisions, or refuse to enforce the agreement in its entirety. *See Pokorny v. Quixtar, Inc.*, 601 F.3d 987, 1005 (9th Cir. 2010); *Zuver*, 153 Wash. 2d at 320-321. The Court finds that severing the confidentiality provision is the appropriate remedy here. Accordingly, the Court hereby strikes the confidentiality provision but will enforce the remainder of the arbitration provision.

///

///

**3. Stay or Dismissal.**

Perkins Coie has moved in the first instance to dismiss this action and asks for a stay as an alternative. It is within the Court's discretion to determine whether dismissal is appropriate. *See Sparling v. Hoffman Construction Co.*, 864 F.2d 635, 637-638 (9th Cir. 1988). Where, as here, all of Plaintiff's claims are arbitrable, the Ninth Circuit has approved dismissal. *Id*. The Court finds that a dismissal, as opposed to a stay, is warranted.

## CONCLUSION

For the foregoing reasons, the Court HEREBY SEVERS the confidentiality provision, but is enforcing the remainder of the arbitration provision. Therefore, the Court GRANTS Perkins Coie's motion and DISMISSES this action.

**IT IS SO ORDERED.**

Dated: July 30, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE